Filed 8/17/20  P. v. Iventura CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>APOLINAR ANGEL IVENTURA,<br><br>Defendant and Appellant. | C090121<br><br>(Super. Ct. No. 18F4693) |

Defendant  Apolinar Angel Iventura pled guilty to two counts of lewd and lascivious acts with a child under 14 years of age, perpetrated against two different child victims.  In exchange, the People dismissed the remaining charge and enhancements. The parties agreed that defendant would either receive nine years of probation with a 10-year suspended prison sentence or eight years in prison.  The stipulated factual basis for the plea was defendant's preliminary hearing transcript.

In accordance with Penal Code section 288.1, the court ordered an evaluation of defendant's mental condition.  The court-appointed forensic psychologist, Dr. Kent

1

Robert Caruso, testified at defendant's sentencing hearing that he was uncertain of the extent of abuse suffered by the victims, which made his assessing defendant's ongoing danger difficult. However, he was worried that the young age of one victim, differing ages of the victims, and defendant's language/cultural barriers lessened the likelihood of defendant's successful treatment. The victims' parents and one victim made statements requesting defendant be sent to prison.

Following argument of the parties, the court found defendant was not appropriate for probation and imposed the agreed-upon aggregate prison term of eight years. Defendant was given credit for 178 days of actual credit and 26 days of conduct credit for a total of 204 days of custody credit. The court also ordered defendant to pay a $300 restitution fine, a $300 stayed parole revocation restitution fine, two $40 court operations assessment fees, and two $30 criminal conviction assessment fees. It reserved jurisdiction to award restitution at a later date. Finally, the court issued stay-away orders protecting the victims in the case for a period of 10 years. Defendant timely appealed, but did not receive a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record has disclosed that the trial court orally stayed, rather than suspended the $300 parole revocation restitution fine (Pen. Code, § 1202.45, subd. (c)). However, we find it unnecessary to amend the court's oral pronouncement to suspend rather than stay this fine because the court's signed order following sentencing already made this correction.

2

Further, the trial court's order following sentencing fails to reflect that the court imposed *two* criminal conviction assessment fees and *two* court operations assessment fees. These fees must be imposed for each count of conviction. Further, defendant's abstract of judgment fails to reflect any of the fines and fees imposed by the court. We will direct the trial court to correct these items. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)

Having completed an examination of the entire record pursuant to *Wende*, we find no other errors that would result in a disposition more favorable to defendant, and accordingly, we will affirm the judgment.

## DISPOSITION

The trial court is directed to amend the order following sentencing and defendant's abstract of judgment to correct the clerical errors identified in this opinion. The court shall forward the amended abstract of judgment to the California Department of Corrections and Rehabilitation. The judgment is affirmed.


/s/
Robie, J.

We concur:


/s/
Raye, P. J.


/s/
Hull, J.

3